Gabrielli, J.
(dissenting). We find no record justification for the majority’s conclusion that “ the jury would have been entitled to find that at the time of the stabbing defendant was too intoxicated to have intended either to kill his victim or to cause her serious physical injury.”
We would sustain the trial court’s refusal to charge manslaughter in the second degree as a lesser included crime, and, accordingly, affirm the order of the Appellate Division.
In reaching such a determination, we are mindful, of course, that a defendant is entitled to a charge on a lesser included *828 crime if, upon any view of the facts, he could properly be found guilty thereof (People v. Asan, 22 N Y 2d 526, 529-530; People v. Mussenden, 308 N. Y. 558, 561-562). Applying this standard to the instant case, evidence of intoxication could be used by the defendant to negate the specific intent required for murder (Penal Law, § 125.25) or manslaughter in the first degree (Penal Law, § 125.20; People v. Jackson, 14 N Y 2d 5; People v. Jones, 27 N Y 2d 222). However, the Trial Justice is required to charge, and the jury may consider intoxication only if there is some evidence which tends to support the defendant’s allegation that he was inebriated. Here, the defendant never claimed upon the trial that he was intoxicated and, indeed, stoutly maintained that he was not.
The evidence adduced upon the trial overwhelmingly indicates that he was not, in fact, intoxicated when he fatally stabbed his female victim. The People called four witnesses who either saw Lee perpetrate the killing for which he was convicted or observed the defendant immediately thereafter as he walked from the scene with a butcher knife in his hand. Not one of these witnesses was of the opinion that Lee was intoxicated. Although one of these witnesses did state that he detected alcohol on the defendant’s breath, this witness testified that he observed nothing unusual or irregular about the manner in which Lee was proceeding. Instead, he described the defendant’s gait as steady, and stated that Lee did not stumble or stagger in any way as he walked from the scene of the killing. Three other witnesses produced, the officers who participated in the arrest, testified either that the defendant did not stagger or stumble as he walked; that his speech was not slurred or incoherent and that he did not have to be assisted toward or into the police car.
We deem the defendant’s own testimony to be not only of consuming interest, but also entirely dispositive of the question, when considered together with all the other evidence. He testified that he had had only two or three “ little drinks ” in the two and one quarter hour period immediately preceding the fatal stabbing. He conceded that he had no trouble whatsoever in walking from the scene of the killing. Moreover, when asked by the court on two separate occasions if he was drunk when he stabbed the deceased, he responded that he was not drunk at that time or at any other time during the day in question. *829 In sum, there is a complete absence of any testimony that the defendant was intoxicated, to any degree.
In view of these unequivocal statements by the defendant himself, we despair at the impact of the majority’s decision since, in our opinion, it seems to- indicate that any time there is bizarre behavior coupled with a trace of alcohol on the accused’s breath, the court will be required to instruct the jury that they may consider a lesser included charge even though, as here, there is no evidence of intoxication or, again as here, the defendant himself unequivocally and firmly testifies he was not intoxicated.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Breitel and Judges Jones, Wachtler, Rabin and Stevens concur; Judge Gabrielli dissents and votes to affirm in a separate opinion in which Judge Jasen concurs.
Order reversed and a new trial ordered in a memorandum.